IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEON SLOAN, | ) |
| | ) |
| Petitioner | )   Civil Action |
| | )   No. 11-cv-06360 |
| v. | ) |
| | ) |
| SUPERINTENDENT DEBRA SAUERS; | ) |
| THE DISTRICT ATTORNEY OF THE COUNTY | ) |
|   OF PHILADELPHIA; AND | ) |
| THE ATTORNEY GENERAL OF THE STATE | ) |
|   OF PENNSYLVANIA, | ) |
| | ) |
| Respondents | ) |

**O R D E R**

NOW, this 22nd day of October, 2014, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition was filed by petitioner Keon Sloan pro se on October 4, 2011[1] (Document 1);

(2) Petition for Memorandum of Law filed by petitioner pro se on December 15, 2011 (Document 5);

(3) Response to the Petition for Writ of Habeas Corpus, which response was filed by respondents on February 3, 2012 (Document 11)("Response"), together with

   (A) Exhibits A through G to the Response (Documents 11-1 through 11-7);

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed October 11, 2011, petitioner indicated next to his signature that he executed the petition on October 4, 2011. (See Petition at page 19.) Pursuant to the prison mailbox rule, this court will consider the date of filing as October 4, 2011. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997). For the same reason, I will consider date of filing of the Amended Petition, infra, to be March 26, 2012. (See Amended Petition at page 19.)

 (4) [Amended] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition was filed by petitioner pro se on March 26, 2012 (Document 17)("Amended Petition");

 (5) Response to Amended Petition for Writ of Habeas Corpus, which response was filed by respondents on May 25, 2012 (Document 21)("Amended Response"), together with

  (A) Exhibits A through I to the Amended Response (Documents 21-1 through 21-9, respectively);[2]

 (6) Pro [S]e Petitioner['s] Response to Respondent's Response to [Amended Petition for] Writ of Habeas Corpus, which response to response was filed June 18, 2012 (Documents 23 and 23-1, together) ("Petitioner's Response"), together with

  (A) Exhibits 1 through 3 to Petitioner's Response (Documents 23-2 through 23-4, together);

 (7) Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated and filed February 5, 2013 (Document 26);

 (8) Objection Reply to Report and Recommendation, which objection was filed by petitioner pro se on February 26, 2013 (Document 30)("Petitioner's Objection");

it appearing that petitioner's objections to Magistrate Judge Sitarski's Report and Recommendation are a restatement of the issues raised in his underlying petitions for habeas corpus relief and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Sitarski's Report

---

[2] Exhibits A through G to the Amended Response are the same as exhibits A through G to the Response, with exhibits H and I to the Amended Response being the exhibits presented for the first time in response and opposition to the Amended Petition.

and Recommendation correctly determined the legal and factual issues presented in the amended petition for habeas corpus relief,

IT IS ORDERED that Magistrate Judge Sitarski's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that petitioner's objections to Magistrate Judge Sitarski's Report and Recommendation are overruled.[3]

---

[3] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

Here, Petitioner's Objection addresses the Report and Recommendation only as to one claim asserted by petitioner in his Amended Petition -- namely, his claim asserted as Ground Two in the Amended Petition that his right under the Sixth Amendment to the United States Constitution to a public trial was violated by the trial court's brief, temporary exclusion of the public from the courtroom during the trial court's initial remarks to the venire at the outset of the voir dire process.  Petitioner's Objection merely restates his underlying Sixth-Amendment claim.

Upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Sitarski's Report and Recommendation and overrule Petitioner's Objection to the Report and Recommendation.

-4-

IT IS FURTHER ORDERED that the within Amended Petition is denied without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, and no reasonable jurist could find this ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge